37 F.3d 1505
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 David W. LANDRUM, Plaintiff-Appellee,
v.
Al GOMEZ, et al., Defendant-Appellant.
 No. 92-15073.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 13, 1994.*
Decided Oct. 5, 1994.
 
 Before: GOODWIN, POOLE, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Al Gomez, warden of the California state prison at Avenal, appeals the district court's denial of his summary judgment motion asserting qualified immunity in this 42 U.S.C. Sec. 1983 action brought pro se by state prisoner David Landrum. In his action, Landrum contended that Gomez violated his constitutional right to marry by proxy. We affirm.
 
 
 3
 * On June 6, 1989, Landrum, a California state prisoner housed at Deuel Vocational Institution, requested a transfer to Avenal State Prison to marry an inmate, Debbie Flanary, who was housed there. The warden at Deuel told him that there was no provision for inmates to marry other inmates. Gomez, the warden at Avenal, denied Flanary's request to be married, informing her that marriages by proxy were not authorized.
 
 
 4
 Landrum then filed this section 1983 action, asserting in part that Gomez denied him his constitutional right to marry by proxy. During the district court proceedings, Gomez conceded that marriages by proxy are valid in California. The district court denied Gomez's summary judgment motion asserting qualified immunity from damages on November 21, 1991. Gomez timely appeals.
 
 II
 
 5
 When qualified immunity applies, the shield from section 1983 liability for damages will be lifted only if the party's conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). For a right to be clearly established, "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.... [I]n the light of pre-existing law the unlawfulness must be apparent." Baker v. Racansky, 887 F.2d 183, 186 (9th Cir.1989) (quoting Anderson v. Creighton, 483 U.S. 635, 639-40 (1987)).
 
 
 6
 The pertinent inquiry here is whether reasonable prison officials in these circumstances would have believed that their conduct was lawful. See Baker, 887 F.2d at 186-87 (citing Anderson, 483 U.S. at 641). Gomez told Flanary that she and Landrum could not be married by proxy, but he now concedes that he was mistaken, see Cal. Family Code Sec. 502, and he no longer opposes the marriage. He argues, however, that he is entitled to qualified immunity because his lack of knowledge of California law was not unreasonable. He concludes that qualified immunity is appropriate because "immunity is intended to shield from liability those who make reasonable mistakes."
 
 
 7
 As the district court observed, however, public officials are expected to know the law governing their conduct. See Harlow, 457 U.S. at 818-19. Landrum had a clearly established constitutional right to marry, see Turner v. Safley, 482 U.S. 78, 94-96 (1987), and he had a means of exercising that right without infringing upon any legitimate penological concerns regarding security, see Cal. Family Code Sec. 502. Accordingly, we affirm the district court's conclusion that Gomez's lack of knowledge did not entitle him to qualified immunity.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3